In re  **Bernadette M. Greenwood**                       Case No.
                         Debtor(s)                       Chapter   **13**

# CHAPTER 13 PLAN

☒ ORIGINAL CHAPTER 13 PLAN AND MOTIONS
☐ MODIFIED 13 PLAN DATED __
(Modified Plan Terms in Italics or Otherwise Highlighted)

☐ A check in this box indicates that the plan contains special provisions set out in Section 11 below.
☐ A check in this box indicates that the plan contains motion(s) to avoid lien pursuant to §522(f).

**YOUR RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this Plan carefully and discuss it with your attorney. Any party opposing any provision of this plan must file a written objection by the date indicated on a separate notice sent to you by the United States Bankruptcy Court. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payments of less than the full amount of your claim and/or by setting the interest rate on your claim.

**You must file a proof of claim to be paid under any plan that may be confirmed.**

Debtor or Debtors (hereinafter "Debtor") proposed this Chapter 13 Plan:

1. **Submission of Income.**

    (A).   Debtor submits to the supervision and control of the Chapter 13 Trustee (hereinafter "Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor shall pay the total amount of  **$750.00   Monthly**  to Trustee by ☐ Payroll Deduction(s) or by ☒ Direct Payment(s) for the period of  **60**  months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. These payments shall start no later than 30 days after filing of the petition. The term of this Plan shall not exceed sixty (60) months from date of confirmation. *See* 11 U.S.C. 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan.

☐ IF CHECKED, Plan payments will increase to $ **0.00** upon completion or termination of __.

☐ IF CHECKED, No Plan payments will be due for the months of __ during the term of the plan. (Summer Skip Provision)

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. To the extent Claims are filed, accepted, allowed and/or ordered paid in an amount different from the Debtor's best estimate, the Claim shall control except as provided for in other provisions of the plan.  Whether the Claim is filed before or after Confirmation, the Debtor specifically reserves the right to file an Objection to any Claim for any purpose until the completion of the Chapter 13 Plan.**

4. **Order of Plan distribution.** The Trustee shall distribute payments pursuant to following distribution sequence.

5. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

    (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee, not to exceed 10% of funds received for distribution.

    (B). **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing the petition is $ **3,000.00** . The amount of $ **200.00** was paid prior to the filing of the case. The balance of $ **2,800.00** will be paid as follows: **Following Confirmation of the Plan, Attorney Fees shall be paid concurrently with Secured Creditors on a 50/50 basis from available funds as determined by the Trustee.** Pursuant to 507(a)(2) and 1326(b)(1), any tax refund submission received by the trustee will first be used to pay any balance of Debtor's Attorney's Fees.

| | **Total Administrative Claims:** | **$2,800.00** |
|---|---|---|

6. **Priority Claims. Priority claims will be paid in full through the plan but will not be funded until all Administrative claims (i.e. debtor's attorney's fees), secured claims, and lease arrearage claims are paid in full.**

    (A). **Domestic Support Obligations (DSO).**

       ☒ If Checked, Debtor does not have any Domestic Support Obligations. Skip to Plan paragraph 6(B).

       ☐ If Checked, Debtor has Domestic Support Obligations. Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim. The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. 101(14A) and 1302(b)(6):

| (a)<br>DSO Creditor<br>(Name and Address) | (b)<br>Scheduled Amount | (c)<br>Projected monthly payment |
|---|---|---|
| -NONE- | | |

       ☒ If Checked, Debtor does not have any Anticipated Domestic Support Obligation Arrearage Claims

       ☐ If Checked, Debtor has Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. 507(a)(1) will be paid in full pursuant to 11 U.S.C. 1322(a)(2).

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage<br>claim | (c)<br>Projected monthly<br>Arrearage payment |
|---|---|---|
| -NONE- | | |
| Totals: | $0.00 | $ |

       ☒ If Checked, Debtor does not have any domestic support obligation claims that are assigned to, owed to, or recoverable by a governmental unit and may not be paid in full.

       ☐ If Checked, Pursuant to 507(a)(1)(B) and 1322(a)(4), the Debtor has the following domestic support obligation claims that are assigned to, owed to, or recoverable by a governmental unit and may not be paid in full.

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage<br>claim | (c)<br>Estimated Amount to be paid<br>through the plan |
|---|---|---|
| -NONE- | | |
| Totals: | $0.00 | $0.00 |

(B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full through the plan. **The amount of the claim listed in column (b) is only an estimate and an allowed proof of claim is controlling subject to the provisions of Paragraph 3 above.**

| (a) Creditor | (b) Estimated claim |
|---|---|
| Internal Revenue Service | 6,518.58 |
| Wisconsin Department of Revenue | 0.00 |
| Total: | $6,518.58 |

7. **Secured Claims.**

    (A). ☐ If Checked, The Debtor does not have Claims Secured by Personal Property Which Debtor Intends to Retain. Skip to 7(B).

    ☒ If Checked, The Debtor has Claims Secured by Personal Property Which Debtor Intends to Retain.

    (i). **Adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Trustee shall make the following adequate protection payments to creditors pursuant to 1326(a)(1)(C). Creditor will not receive a payment under this section without a filed proof of claim. Upon confirmation the treatment of such claims will be governed by Paragraph (ii) below.

    Trustee shall make the following monthly adequate protection payments from funds received:

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
| Capital One Auto Finance | 2009 Chevrolet Impala (2,500 miles) | 100.00 |
| Wffnb/Colders Furniture | Bed, dining table w/chairs, end tables(2), coffee table, microwave oven, sofa, dresser, night stand, armoire, rug | 25.00 |
| | Total monthly adequate protection payments: | $125.00 |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c). Creditor will not receive a payment under this section without a filed proof of claim.

(a). **Claims to Which 506 Valuation is NOT Applicable.**

☐ If Checked, the Debtor has no secured claims to which 506 valuation is not applicable. Skip to (b).

☒ If Checked, the Debtor has secured claims to which 506 valuation is not applicable. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition and for the personal use of the debtor, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim **pro-rata as stated** in column (f) **Interest will be paid at the rate stated in column (e). The amount of the claim listed in column (d) is only an estimate and an allowed proof of claim is controlling**. Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) **Estimated** Claim amount | (e) Interest rate | (f) **Estimated** Monthly payment |
|---|---|---|---|---|---|
| Capital One Auto Finance | 2009 Chevrolet Impala (2,500 miles) | Opened 5/01/09 Last Active 12/23/09 | 21,944.00 | 4.75 | PRO-RATA |
| | | Total: | $21,944.00 | Total: | PRO-RATA |

**Chapter 13 Plan**     **Page 3**

Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037     Best Case Bankruptcy

(b). **Claims to Which 506 Valuation is Applicable.**

☐ If Checked, the Debtor has no secured claims to which 506 valuation is applicable. Skip to (B).

☒ If Checked, the Debtor has secured claims to which 506 valuation is applicable. Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim **pro-rata as stated** in column (f). **Interest will be paid at the rate stated in column (e). The portion of any allowed claim that exceeds the replacement value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below will be binding.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Wffnb/Colders Furniture | **Bed, dining table w/chairs, end tables(2), coffee table, microwave oven, sofa, dresser, night stand, armoire, rug** | **Opened 12/01/07 Last Active 12/11/09** | 5,250.00 | 4.75 | **PRO-RATA** |
| | | Total: | $5,250.00 | Total: | **PRO-RATA** |

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.**

(i) ☒ If Checked, the Debtor does not have any claims secured by Real Property that Debtor intends to retain.

☐ If Checked, the Debtor has claims secured by Real Property that debtor intends to retain. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise.

| (a) Creditor | (b) Property description | (c) Monthly direct post-petition payment |
|---|---|---|
| **-NONE-** | | |

(ii) ☒ If Checked, the Debtor has no arrearage claim secured by Real Property that the Debtor intends to cure through the Plan.

☐ If Checked, the Debtor has an arrearage claim secured by Real Property that the Debtor intends to cure through the Plan. **After confirmation of the plan**, **the Trustee will pay to the holder of each allowed arrearage claim pro-rata as stated in column (d). The amount of the claim listed in column (c) is only an estimate and an allowed proof of claim is controlling subject to the provisions in Paragraph 3 above**. **Payments distributed by the Trustee are subject to the availability of funds**.

| (a) Creditor | (b) Property description | (c) Estimated arrearage amount | (d) Monthly payment |
|---|---|---|---|
| **-NONE-** | | | |

**TOTAL SECURED CLAIMS TO BE PAID THROUGH THE PLAN:** $**30,043.00**

**Chapter 13 Plan**   Page 4

(C). **Surrender of Collateral.** This Plan shall serve as notice to creditor(s) of Debtor's intent to surrender the following collateral. Unless specified otherwise in the Plan, Creditor shall make arrangements for surrender through Debtor's Attorney. Any involuntary repossession or foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon, or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| **Enterprise Credit Union** | **Homestead W291 N6817 Warren Dr. Hartland, WI 53029 (2009 tax assessed FMV $329,300; value shown based on current listing price) (50% interest in home owned as Joint Tenant with ex-spouse)** |
| **US Bank** | **Homestead W291 N6817 Warren Dr. Hartland, WI 53029 (2009 tax assessed FMV $329,300; value shown based on current listing price) (50% interest in home owned as Joint Tenant with ex-spouse)** |

8. **Unsecured Claims.**

   (A). Debtor estimates that the total of general unsecured debt, not separately classified in paragraph (B) below, is $ **146,178.29** . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $ **3,388.42** or **2** %, whichever is greater.

   (B). Special classes of unsecured claims:
   **None**

9. **Executory Contracts and Unexpired Leases.**

   ☒ If Checked, the Debtor does not have any executory contracts and/or unexpired leases.

   ☐ If Checked, the Debtor has executory contracts and/or unexpired leases. The following executory contracts and unexpired leases are assumed, and payments due after filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c). Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors.

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| **-NONE-** | | | |
| | | Totals: | $ |

All other executory contracts and unexpired leases of personal property are rejected upon confirmation of the plan.

10. **Property of the Estate.** Property of the estate shall revest in Debtor upon discharge, dismissal or other order of the court.

11. **Special Provisions.** Notwithstanding anything to the contrary set forth above, the Plan shall include the provisions set forth below. **The provisions will not be effective unless there is a check in the notice box preceding Paragraph 1 of this plan.**

12. **Motion to Avoid Lien under 522(f).**

☒ If Checked, the Debtor does not have any motions to avoid liens under 522(f).

☐ If Checked, the Debtor moves to avoid the following lien(s) that impair exemptions:

| (a)<br>Creditor | (b)<br>Collateral |
|---|---|
| -NONE- | |

13. **Direct Payment by Debtor.** Secured creditors and lessors to be paid directly by the Debtor may continue to mail to Debtor the customary monthly notices or coupons or statements notwithstanding the automatic stay.

14. **Modification.** Debtor may file a modification of this plan that is not materially adverse to creditor(s) without providing notice to creditor(s) if the Chapter 13 Trustee determines that said modification is not materially adverse to said creditor(s).

Date **1/28/10**    Signature /s/ Bernadette M. Greenwood
**Bernadette M. Greenwood**
Debtor

Attorney /s/ Todd C. Esser
**Todd C. Esser**
**11805 W. Hampton Avenue**
**Milwaukee, WI 53225**
**(414) 461-7000**
**(414) 461-8860**

Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy